## MONTGOMERY WARD & CO., Inc., v. NATIONAL WAR LABOR BOARD.

District Court of the United States for the District of Columbia.

March 20, 1944.

Henry F. Butler, of Washington, D. C., and Stuart S. Ball and John A. Barr, both of Chicago, Ill., for plaintiff.

Francis M. Shea, Asst. Atty. Gen., Department of Justice, and Edward M. Curran, U. S. Atty., of Washington, D. C. (Joseph A. Fanelli, Sp. Asst. to Atty. Gen., and Robert Burstein, Atty., Department of Justice, of Washington, D. C., of counsel), for defendants.

GOLDSBOROUGH, Associate Justice (orally).

The Court is ready to rule, gentlemen.

The Court has no difficulty about the case.

Of course, the thing the Court has to decide is whether or not a motion to dismiss should be granted.

If the question before the Court was whether or not in the existing national emergency a preliminary injunction should be granted, the Court might or might not take the view that the question of an injunction should await the hearing but that the case should be advanced for trial.

I am only trying to indicate to you just how narrow the issue is today. The issue today is:

First: Whether or not the complaint sets forth a cause of action.

If the issue before the Court were the question of dismissing the complaint not because it does not set forth a cause of action but because a national emergency exists, it would, mean that while we may win the war we may be breaking down the processes which are indispensable to democratic government.

Now, to allow this case to go to trial is not going to interfere, as far as the Court can see, with the carrying on of the war, and, if it should, Congress has ample power to so change the law as to make it impossible for the courts to intervene.

But, where the Court clearly sees that a complaint states or sets forth a cause of action, it would be not in the public interest for the Court to be influenced, in any manner or to any extent, by the fact that a national emergency exists. Instead of helping the national emergency you would be interfering with it and tending to destroy democratic processes.

Now, in the case of the Pennsylvania Railroad Co. v. United States Railroad Labor Board, 261 U.S. 72, 43 S.Ct. 278, 281, 67 L.Ed. 536, the Court had for construction a statute that said this: "The Labor Board, in case it has reason to believe that any decision of the Labor Board or of an Adjustment Board is violated by any carrier or employee or subordinate official, or organization thereof, may upon its own motion after due notice and hearing to all persons directly interested in such violation, determine whether in its opinion such violation has occurred and make public its decision in such manner as it may determine."

Well, in that case the Supreme Court did the only thing it could do, in so far as I can see: it decided that the forum of public opinion was the only forum that it was intended that the decision of the Labor Board should go before.

In the case of Texas & New Orleans Railroad Co. et al. v. Brotherhood of Railway & Steamship Clerks et al., 281 U.S. 548–571, at page 569, 50 S.Ct. 427, at page 433, 74 L.Ed. 1034, the Supreme Court said, in construing a statute of this character: "The absence of penalty is not controlling. The creation of a legal right by language suitable to that end does not require for its effectiveness the imposition of statutory penalties."

The statute in this case, reading from Section 7, 50 U.S.C.A.Appendix § 1507, states: "Whenever the United States Conciliation Service (hereinafter called the 'Conciliation Service') certifies that a labor dispute exists which may lead to substantial interference with the war effort, and cannot be settled by collective bargaining or conciliation, to summon both parties to such dispute before it and conduct a public hearing on the merits of the dispute. If in the opinion of the Board a labor dispute has become so serious that it may lead to substantial interference with the war effort, the Board may take such action on its own motion. At such hearing both parties shall be given full notice and opportunity to be heard, but the failure of either party to appear shall not deprive the Board of jurisdiction to proceed to a hearing and order."

 The Court is of the opinion, construing that language and other language of Section 7, that the order which the Board can pass is a justiciable one. In other words: The Court is of the opinion that if the Board's proper order was not obeyed it would have the right to go into the District Court and ask for a mandatory injunction to compel compliance with its order.

And on the merits: The Court thinks that the complaint sets forth a cause of action. Of course, on final hearing, it may turn out that the plaintiff has no cause of action. But the Court is not passing upon that; it is not passing upon the ·question as to whether or not a preliminary injunction should be granted; it is not passing upon the question as to whether or not the cause should be advanced. It is passing on the sole question as to whether or not the complaint is subject to summary dismissal. The Court does not think it is, and will pass an order accordingly. (Thereupon the instant hearing was concluded.)